### MILFORD.

Whether the decennial census of the inhabitants of a town, taken by the assessors thereof, and returned into the secretary's office, as the basis of the representation of such town for the next ten years, can be shown to be erroneous, with a view to increase the town's right of representation—*Quære.*

THE ground, upon which, (by an order of the house,) the election of one of the members returned from Milford was called in question, is set forth and considered in the following report of the committee on elections, which was made in the house on the 31st of January, and agreed to on the 5th of February following[2] :—

" The town of Milford, at their annual town-meeting in

[1] 73 J. H. 574.    [2] Same, 188.

November last, for the choice of state officers, among other things, voted to choose two representatives, to represent them in the general court of this commonwealth; the selectmen then opened the poll, and called for votes for the first representative, and upon the votes being counted, Mr. Hiram Hunt, one of the present sitting members, was declared to be duly elected, and received from the selectmen the usual certificate of his election. Then the poll was opened, and votes were called for the election of a second representative; and Mr. Alfred Bragg was declared to be duly elected, who also received from the selectmen the usual certificate of his election.

It appeared in evidence, that the assessors of said town of Milford, agreeably to the provisions of the statute for such case made and provided, and in accordance with the constitution, had taken a census of the inhabitants of said town, and returned the same to the governor and council, wherein the number of inhabitants was 4,410; and that thereupon the governor, conformably to the requisition contained in the thirteenth article of the amendments of the constitution, had issued his proclamation, dated July 18th, 1850, declaring, that according to said census, the town of Milford was entitled, for the ensuing ten years, to one representative each year.

At a hearing before the committee, Mr. Bragg, one of the members elected as aforesaid, proposed to prove, if opportunity could be afforded, that the said assessors, in making up the enumeration of the inhabitants of Milford, committed errors, which could be clearly pointed out, as apparent upon their minutes; and that if the computation had been correctly made, the number of inhabitants of said Milford, on the first day of May last, was much greater than 4,680, which is the number requisite to entitle a town to two representatives. Mr. Bragg further stated, that, upon this supposition, which was very generally believed throughout the town, the vote to send two representatives was based.

The committee voted to give Mr. Bragg an opportunity to prove such matters and things as might be pertinent to the case. Subsequently, the committee were informed by Mr.

Bragg, that, upon a careful examination of the assessors, and their minutes of said census, he apprehended that he should not be able to make out so clear a case of errors and mistakes, as to warrant him in urging the propriety of going behind the census return; and he therefore should not urge any further his claim to a seat in this house, but should withdraw immediately.

The committee, therefore, feel themselves relieved from a question of some considerable embarrassment, which is this: Whether the said decennial census, which determines the right of representation of all our cities and towns, can be subsequently, and previous to the expiration of ten years, inquired into, and frauds or errors corrected? The words of the constitution are plain and peremptory. No provision is made for the correction of errors or of fraudulent conduct; and this would seem to lead to the conclusion, that towns must take the responsibility of selecting capable and honest assessors; and, if those officers do not perform their duties faithfully, correctly, and honestly, the towns themselves must suffer the consequences.

The committee, therefore, report that the election of said Alfred Bragg, as aforesaid, was null and void, and that he is not entitled to a seat in this house.

They further report, that as Milford is entitled to one representative, and inasmuch as Mr. Hunt was duly elected as such, that he is entitled to hold his seat as a member of this house."